IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERVIN BELLAMY, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-22-1923 |
| KEVIN P. GUISTWITE, et al., | * | |
| Respondents. | * | |
| | * | |

***

## MEMORANDUM OPINION

On August 2, 2022, self-represented Petitioner Ervin Bellamy filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254,[1] alleging that he is being denied his constitutional rights because an Order issued by the Circuit Court for Prince George's County, Maryland directs him to make child support payments through wage garnishment, maintain employment or demonstrate efforts to obtain employment, participate in the

---

[1] Bellamy titles his Petition as being filed in the alternative under 42 U.S.C. § 1983, but he has failed to pay the $402 filing fee. Nevertheless, the claim fails as a matter of law. Under the Eleventh Amendment to the United States Constitution, a state, along with its agencies and departments, are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Id. While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, see Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, to the extent Bellamy seeks to assert a claim against the Attorney General, the "Child Support Administration" or state employees acting in their official capacities, the claim is barred by the Eleventh Amendment.

America Works Jobs Program, inform the court of any changes to his employment and residential address, and appear before the court if summoned. (ECF No. 1). Bellamy seeks to have the order vacated, to have his payments returned, and to have "any negative credit entries" corrected. (Pet. Writ Habeas Corpus Relief Under 42 U.S.C. 1983 ["Pet."] at 43, ECF No. 1); see also Mathis v. Bellamy, Case No. CASR-17-18180 (Cir.Ct.Md.), available at http://casesearch.courts.state.md.us/casesearch/ (last viewed Aug. 9, 2022). On August 10, 2022, Bellamy filed a Motion seeking an "Emergency Stay of Order" ("Motion to Stay") (ECF No. 2), through which he requests that the Court stay a civil contempt proceeding scheduled for August 12, 2022, in the Circuit Court for Prince George's County. For the reasons that follow, Bellamy's Petition must be dismissed and his Motion to Stay denied.

Relief under 28 U.S.C. § 2254 is available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(d). "[T]o meet the jurisdictional 'in custody' requirement, a § 2254 petitioner need not be in actual physical custody of state authorities at the time a habeas petition is filed." Mainali v. Virginia, 873 F.Supp.2d 748, 751 (E.D.Va. 2012). "Thus, it is well-settled that an ongoing term of probation or parole is a sufficient restraint on a petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254." Id.; see also Leonard v. Hammond, 804 F.2d 838 (4th Cir. 1986) (release of prisoner on charges of failure to pay child support did not render habeas petition moot because the possibility of being imprisoned again remained a possibility). Here, Petitioner is not under an ongoing term of probation; rather, he is subject

to a civil order to pay child support, and, like any other order of a court, he is subject to contempt charges for failing to comply.

To the extent Petitioner asserts that he is somehow excused from exhausting appellate review in the Maryland courts, such an assertion is without any merit. See, e.g., Arrington v. Dep't of Human Res., 935 A.2d 432 (Md. 2007) (appeal of sanction imposed after father was found in civil contempt); Rawlings v. Rawlings, 766 A.2d 98 (Md. 2001) (appeal of finding that father was in civil contempt for non-payment of child support); Bryant v. Howard Co. Dep't of Soc. Servs. ex rel. Costley, 874 A.2d 457 (Md. 2005) (finding of civil contempt for non-payment of child support is appealable even though no sanction was imposed). When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all his claims have been presented to the state courts. 28 U.S.C. § 2254(b), (c); see also Preiser v. Rodriguez, 411 U.S. 475, 491 (1973); Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) (holding that petitioner bears the burden of demonstrating state remedies have been exhausted). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. To the extent that the order for child support issued in Petitioner's civil, family law case is improper, he may appeal to the Maryland Court of Special Appeals and raise any issues he has with the propriety of the order.

Further, this Court does not have jurisdiction to consider matters regarding child custody or child support payments. See Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006) ("[F]ederal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters."); Wasserman v. Wasserman, 671 F.2d 832, 834 (4th Cir. 1982)

("[D]iversity jurisdiction does not include the power to grant divorces, determine alimony or support obligations, or determine child custody rights."). "[T]he district courts have no original diversity jurisdiction to grant a divorce, to award alimony, to determine child custody, or to decree visitation." Cole v. Cole, 633 F.2d 1083, 1087 (4th Cir. 1980). Where the underlying cause of action arises solely from family relations law, the domestic relations exception applies. Id. at 1088.

To the extent Petitioner is seeking mandamus relief in connection with a child support order, there is an additional bar to such relief. This Court has no jurisdiction to issue a writ of mandamus commanding a State court to entertain a motion or petition. See Gurley v. Superior Ct. of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969), see also 28 U.S.C. § 1361.

Accordingly, the Petition for Writ of Habeas Corpus must be dismissed without prejudice for lack of jurisdiction. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Here, there is no basis for finding that this Petition states a debatably valid claim; therefore, a certificate of appealability shall be denied. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See

Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

Lastly, Bellamy's Motion to Stay must be denied. This Court is prohibited from granting "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This law, which is known as the Anti-Injunction Act, also limits the Court's power to issue an injunction against a party to litigation in a state court.

For the foregoing reasons, the Court will deny the Motion to Stay (ECF No. 2) and dismiss the Petition. A separate Order follows.

Entered this 12th day of August, 2022.

                                           _____/s/_____.
                                           George L. Russell, III
                                           United States District Judge